**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN SCOTT BJORNSON, | No. 23-35421 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:23-cv-05128-BHS |
| EQUIFAX INFORMATION SERVICES, LLC, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted October 16, 2024**

Before:     SILVERMAN, R. NELSON, and MILLER, Circuit Judges.

Kevin Scott Bjornson appeals pro se from the district court's judgment dismissing his action alleging defamation and a violation of the Fair Credit Reporting Act ("FCRA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal on the basis of the applicable statute of limitations and

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under Federal Rule of Civil Procedure 12(b)(6). *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly dismissed Bjornson's action as time-barred because Bjornson failed to file the action within the applicable statutes of limitations. *See* 15 U.S.C. § 1681p (stating that FCRA action must be filed within two years after plaintiff discovers the violation or five years after the violation occurs, whichever is earlier); Wash. Rev. Code § 4.16.100(1) (setting forth two-year statute of limitations for defamation actions under Washington law); *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1109-10 (9th Cir. 2012) (explaining that constructive discovery triggers the FCRA's two-year limitations period); *Herron v. KING Broad. Co.*, 746 P.2d 295, 300 (Wash. 1987) (adopting the "single publication rule" for defamation actions and rejecting the view that "each publication of a defamatory utterance" constitutes a separate cause of action).

The district court did not abuse its discretion in denying Bjornson leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper if amendment would be futile).

The district court did not abuse its discretion in denying Bjornson's motions to strike Equifax and its counsel's various filings, to disqualify Equifax's counsel,

and to sanction Equifax and its counsel. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) (explaining that "[d]istrict courts have inherent power to control their dockets" and this court "will reverse a district court's litigation management decisions only if it abused its discretion" (citation and internal quotation marks omitted)).

Bjornson's motion to strike the answering brief and excerpts of record, set forth in the reply brief and at Docket Entry No. 17, is denied. Bjornson's motion to sanction Equifax, set forth in the reply brief, is denied. Equifax's request for judicial notice of the docket in Bjornson's prior action, set forth in the answering brief, is granted.

**AFFIRMED.**